RICHARD F. BRIGGS *vs.* HENRY H. EARL & others.

Suffolk. March 16. — June 22, 1885. W. ALLEN, COLBURN, & HOLMES, JJ., absent.

An assignment, by a member of a beneficiary association organized under the St. of 1877, *c.* 204, of all his right, title, and interest in the certificate of membership issued to him by the association, to a creditor, as collateral security for the payment of his debt, is invalid.

The widow of a member of a beneficiary association organized under the St. of 1877, *c.* 204, who was the beneficiary named in the certificate of membership issued to him, assigned in writing a part of the sum payable to her by the terms of the certificate to a creditor of hers. The assignment was drawn by the treasurer of the society, and a copy of it was kept by the society. *Held,* that the assignment was valid, and could not be revoked by the widow. *Held, also,* that the acts of the treasurer amounted to a ratification of the assignment.

BILL IN EQUITY, filed April 25, 1884, against Henry H. Earl and the New England Mutual Aid Society, a corporation established by law in this Commonwealth. An amendment of the bill, filed September 15, 1884, joined Clinton V. S. Remington as a party defendant. The case was heard, and reserved for the consideration of the full court, by *Field,* J., upon an agreed statement of facts, in substance as follows :

The New England Mutual Aid Society is a mutual benefit association organized under the Sts. of 1874, *c.* 375, and 1877, *c.* 204, and having its place of business in Boston. On April 16, 1883, said society issued a certificate of membership to Joseph A. Remington of Fall River, the material part of which was as follows :

" This certificate of membership witnesseth, that . . . . the New England Mutual Aid Society of New Bedford, Mass., doth hereby declare that said Joseph A. Remington is a member of Class A in said society, and for the benefit of his wife, Adelaide V. Remington, unless said member shall, at any time, or from time to time hereafter, in writing, assented to by said society, substitute some other beneficiary or beneficiaries, and in that case for the benefit only of the beneficiary or beneficiaries last substituted as aforesaid before the death of said member ; but if said member shall survive each and all the original beneficiary or beneficiaries, or, in case of substitution, each and all the beneficiary

or beneficiaries last substituted as aforesaid, then for the benefit only of the legal heirs of said member. And the said society doth hereby agree to and with the said member that it will pay, or cause to be paid, unto the beneficiary or beneficiaries as aforesaid, or their legal representatives, within sixty days after receipt of correct and satisfactory proofs of the death of said member during the continuance of this certificate in force, a sum equal to the amount received from an assessment upon surviving members for the death fund of said class, but not to exceed five thousand dollars, provided that this certificate be surrendered and proper receipt for said sum be tendered to said society."

On October 3, 1883, Joseph and Adelaide Remington together executed and delivered to the defendant Earl, as collateral security for certain debts due said Earl from Joseph or Adelaide, or both, an instrument in writing, by which they assigned to Earl all their right, title, and interest in said certificate of membership. At the same time the certificate was delivered to Earl.

On January 15, 1884, Joseph A. Remington died, leaving a widow, said Adelaide, and four minor children. The plaintiff was duly appointed administrator of the estate of said Joseph. Proof of death was duly made, and the defendant society now holds the sum of $5000, due under said certificate, and is ready to pay the same to whomsoever this court shall decree.

On January 19, 1884, the defendant society first received notice that Earl held said certificate and the written instrument of assignment from Joseph and Adelaide Remington, and a copy of said instrument was received by said society and placed on file. The society took no further action upon the acceptance or non-acceptance of the same.

On March 4, 1884, Adelaide Remington executed and delivered to the defendant Clinton V. S. Remington an order or assignment of $1200 on said society. The consideration thereof was a debt equal to or larger than $1200 due said Clinton from said Adelaide. This order was drawn in the office of said society by its treasurer, at the request of Adelaide and Clinton, and a copy thereof retained by said society. No objection was made by said society, the parties having consented to the payment of

the amount named, according to the terms of said order, when the money should be collected. This order was assented to by Earl. No other action was taken by said society relative to the acceptance or non-acceptance of said order.

On March 6, 1884, Adelaide Remington executed and delivered to the plaintiff, as trustee for herself and her children, an assignment of all her right and title in said certificate, and all sums of money due thereunder. Notices of this assignment, and of the attempted revocation of said order and assignment to Clinton V. S. Remington, were forthwith forwarded to and received by said society and Clinton. Upon the receipt of this notice, Clinton immediately notified the society that his order was for a valuable consideration, and that he should hold it responsible for the amount thereof.

On March 31, 1884, Adelaide Remington died, and thereafter one Herbert A. Boynton was duly appointed administrator of her estate. The plaintiff was duly appointed guardian of the four minor children.

On April 19, 1884, Earl executed and delivered to Clinton V. S. Remington an assignment of his right, title, and interest in said certificate, for which Clinton gave Earl a bond to hold him harmless against any loss by reason of the giving of said assignment. A copy of this assignment was left with said society on April 20, 1884, but the society took no action thereon.

*T. M. Osborne*, for the plaintiff.

*J. F. Jackson*, (*J. M. Morton* with him,) for the defendants Earl and Remington.

C. ALLEN, J. The St. of 1877, *c.* 204, authorizes the formation of associations for the purpose of rendering assistance to the widows, orphans, or other dependents of deceased members, by means of the payment by each member of a fixed sum, to be held by such association until the death of a member occurs, and then to be forthwith paid to the person or persons entitled thereto. The fund so held is not to be liable to attachment by trustee or other process; and it is declared that the provisions of the general laws relating to life-insurance companies shall not be held to be applicable to such beneficiary corporations. The question now arises whether the contract entered into by such an association or corporation with one of its members, for the

benefit of beneficiaries within the classes named, is assignable, during his life, to a person not within either of those classes. We think it is not. If it were held otherwise, these associations would stand substantially on the same footing as life-insurance companies.

But such was not the intention of the Legislature. The purpose for which they can be formed is strictly limited by statute to rendering assistance to the widows and orphans of deceased members, or other persons dependent upon them; that is to say, after the support and assistance of the member have been withdrawn by death, the corporation then is to step in and supply his place in a measure. The purpose is not to assist wives and children, but widows and orphans. It is not contemplated by the statute that the right to the assistance secured by membership shall be assignable to creditors during the member's life. The statute intends a particular and special method of assistance to the designated classes of persons after the member's death; and the purpose of the statute would be defeated by allowing an assignment, during the member's life, to his creditors, as collateral security. The assignment to Earl was therefore invalid.

The order of March 4, 1884, to Remington, constituted a good assignment in equity, to the amount of $1200, of the widow's interest, which had then become vested, and, having been made for a good consideration, was not revocable. Moreover, the acts of the treasurer amounted to a ratification of it. Remington is therefore entitled to the amount of his order, and the plaintiff to the residue.                    *Decree accordingly.*