AIKEN *v.* MASSACHUSETTS BEN. ASS'N *et al.*

(*City Court of New York, Trial Term.* December, 1890.)

MUTUAL BENEFIT ASSOCIATION—ASSIGNMENT OF CERTIFICATE TO CREDITOR.

After the death of a member of a mutual benefit association, the right of the beneficiary to the fund raised by an assessment of the surviving members becomes vested, and the fund is subject to her absolute disposal; and where the beneficiary, who is also the widow of the deceased member, asserts the validity of an assignment made by him in his life-time as collateral security for a loan, the association cannot defend an action brought against it by the assignee on the ground that St. Mass. 1877, c. 204, under which it was incorporated, strictly limits its purposes to giving aid to widows and orphans of deceased members, or other persons dependent on them for support, and renders void all assignments made during the life-time of the member to creditors or other persons not within the purposes of the statute.

Action by Julia Aiken against the Massachusetts Benefit Association and Frey C. Leeson for $1,000 due on a certificate of membership issued to Daniel W. Leeson. The beneficiary named in the certificate was defendant Frey C. Leeson, wife of Daniel W., and the amount of the insurance was not to exceed $5,000. In his life-time, Daniel W. borrowed $350 from plaintiff, and assigned to her one-fifth of the certificate of membership. Frey C. Leeson, the beneficiary, joined in the assignment, and the association also consented. On the death of Daniel W. Leeson, an assessment was levied, realizing $5,000. Four thousand dollars was paid to the widow, but the association retained $1,000 to protect itself from plaintiff's claim, who instituted the present action against the association. Afterwards the widow, Frey C. Leeson, was also joined as a party defendant.

*Isaac N. Falk*, for plaintiff.    *J. K. Haywood*, for association.    *McCall & Arnold*, for beneficiary.

McADAM, C. J. The death assessment having realized the full limit of the policy, there is no question as to the extent of the liability of the association, (*Darrow* v. *Society*, 116 N. Y. 537, 22 N. E. Rep. 1093;) and the contention is narrowed down to determining the conflicting claims of the plain-

tiff, as assignee, and the beneficiary, to the balance unpaid. The plaintiff insists that the entire sum belongs to her, but the writings clearly show that the transfer was intended as a pledge, and, if valid, it is operative only to the extent of the advance, viz., $350. The association was organized under the laws of Massachusetts, and the purpose for which such beneficiary associations can be formed is strictly limited, by statute,[1] to rendering assistance to the widows and orphans of deceased members, or other persons dependent upon them, and transfers made during the life-time of the assured to creditors or others not within the purpose of the statute are void. *Briggs* v. *Earl,* 139 Mass. 473, 1 N. E. Rep. 847; *Daniels* v. *Pratt,* 143 Mass. 216, 10 N. E. Rep. 166. The classes of persons to be benefited are specially designated, and the corporation has no authority to create a fund for other persons than of the classes named. *Legion of Honor* v. *Perry,* 140 Mass. 589, 5 N. E. Rep. 634. The transfer to the plaintiff (she not being within the classes designated) would have to be declared inoperative, but for the fact that the beneficiary, who now has a vested interest in the fund, is before the court, and has by her answer asserted the validity of the assignment to the extent of the advance actually made on the faith of it. If the transfer is to be deemed effective as to her, it is because it is operative on the fund. The association cannot make a defense for her, if she will not make it for herself, as it is immaterial to it as a stakeholder what becomes of the fund so long as the person for whose benefit it was intended directs its disposition. Her right to the fund is now a vested one, and her *jus disponendi* absolute. It follows that Mrs. Leeson, the beneficiary, is entitled to judgment against the association for the unpaid $1,000, and out of the sum so to be paid the plaintiff is entitled to recover $350 and interest from June 26, 1889. Judgment accordingly, without costs. Submit findings and decree in accordance herewith.