CHRISTINA WAGNER, Respondent, v. ST. FRANCIS XAVIER BENEFIT SOCIETY, Appellant.

Kansas City Court of Appeals, April 5, 1897.

1. **Benefit Societies:** BENEFICIARY: ASSESSMENT: STATUTE. A benefit society can not transcend the limits of the statute and recognize as beneficiaries parties not named therein nor can the party whose life is insured divert the fund from the objects named in the statute. So a son can not by will divert from his childless widow to his father to pay his last sickness and funeral expenses the fund coming to his widow by virtue of his membership certificate.

2. **Trial Practice:** PLEADING: AGREED STATEMENT. Where at the return term the parties come into court, waive ordinary pleadings and submit the controversy on an agreed statement of facts, defects in the petition are immaterial as the trial is not on the pleadings but on the facts.

*Appeal from the Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

AFFIRMED.

*John M. Stewart* and *Vinton Pike* for appellant.

(1) It not appearing how the mortuary benefit was created or limited, it must be assumed that it was payable "at such time and in such manner" as the corporation had power to provide. It had the power to provide this benefit for the relief and aid of the member

VOL. 70-app—11

himself, and could permit him by testament to appropriate it to defray the expenses of his last sickness and funeral. To enable a member to make provision for such expenses is within the purposes set forth in section 2823, Revised Statutes, 1889. *Lysaght v. St. Louis, etc.*, 55 Mo. App. 538. (2) The father was a kindred dependent within the meaning of the statute. The agreed facts state that he "was not a dependent upon the deceased son." It is impossible to explain to the court what signification or force that fact can have in this case. It may mean that the father was not indigent, or that the son was not bound by contract to support him, but the fact remains that he was the father, and one whom the son could lawfully support, and hence could be designated as beneficiary. That is the interpretation given to the term "dependents" by this court. *Keener v. Grand Lodge*, 38 Mo. App. 550; *Grand Lodge v. Elsner*, 26 Mo. App. 116; Bacon, Ben. Soc., sec. 247. (3) The society received Wagner's dues under a by-law which provides that he might appropriate the benefit to his own use; for the power to dispose of the benefit by testament made it possible for the member to receive the whole benefit. Even if it were *ultra vires* the charter of the society to receive dues to be paid out otherwise than to the widow, orphan, or kindred (indigent) dependents of the member, having received the money on those terms it must comply with them. *Lysaght v. St. Louis, etc., supra; Bloomington, etc. v. Blue*, 120 Ill. 121; *Hoffmeyer v. Minch*, 59 Mo. App. 20; *Lamont v. Grand Lodge*, 31 Fed. Rep. 177. (4) The provision in the by-laws enabling the member to designate the beneficiary by testament was a proper and legal method. *Benefit Ass'n v. Bunch*, 109 Mo. 560. (5) The petition does not state a cause of action and the agreed facts do not cure the omission. *Taylor v. Temperance Union*, 94 Mo. 35.

*Porter & Spencer* for respondent.

(1) The statute under which defendant society was organized, limits the power of such societies to provide relief and aid to its members and families, widows or orphans, or other kindred dependents. R. S. 1889, section 2823. If the by-law which authorizes a member to dispose of a death benefit by testament was intended to confer power to dispose of it to any person other than those mentioned in the statute, it is *ultra vires* and void, not only because contrary to the statute but also to the declared purposes of the society. *Briggs v. Earle*, 139 Mass. 473. A member can not do by will what the society can not do, and therefore a testamentary bequest of a death benefit to one not a member of the class mentioned in the statute, is void. Benefit Societies and Life Insurance, sec. 168; *Am. Legion of Honor v. Perry*, 140 Mass. 589; *Elsey v. Odd Fellows Ass'n*, 142 Mass. 224; *National, etc., Ass'n v. Gosner*, 43 Ohio St. 1. To permit a member to divert a death benefit from the object intended to the payment of demands against his estate, is to contravene the purpose of the association and will not be allowed. *Legion of Honor v. Perry, supra; Hollings v. Benefit Ass'n*, 15 N. E. Rep. 566; *Ludly v. McGreger*, 11 Manitoba, 9; *National, etc., Ass'n v. Gosner*, 1 N. E. Rep. 14. (2) "The beneficiaries of a fund, coming from these benevolent associations, must be of the class named in the law which brings the association into being, and the appointee must be one of that class." *Keener v. Grand Lodge*, 38 Mo. App. 543, *loc. cit.* 549. "When the charter limits the beneficiaries to certain classes, the member has no power to designate someone not coming within those classes." *Benefit Ass'n v. Bunch*, 109 Mo. 560, *loc. cit.* 578; *McClure v. Johnson*, 56 Iowa, 620; 2 Am. and Eng. Ency. of Law, p. 177.

GILL, J.—Plaintiff's counsel having so clearly and fairly stated the nature of this controversy, we shall, with some little addition and correction, adopt the same as our own:

This is a suit of Christina Wagner, the childless widow of August E. Wagner, to recover a death benefit of defendant society, of which August E. Wagner, her husband, was a member at the time of his death. At the return term of court the defendant appeared and pleadings being waived, the parties submitted the cause to the court on an agreed statement of facts.

STATEMENT.

We are not informed by the statement of facts as to the amount of the death benefit nor the manner of its collection; it seems this was not considered material by the parties, for the reason that the money had been in fact collected and paid to Egid Wagner, father of the deceased member, who claimed it under his son's will, the society taking a bond to protect it against the claims of all other persons.

The society was organized under section 2823, Revised Statutes, 1889. The constitution defining the objects of the association, provides among other things for *"material support in cases of sickness and death of the rightful members, their widows and orphans."* The by-laws governing the payment of death benefits provide that a member can dispose of the death benefit by testament, and if not so disposed of it shall be paid, *first*, to the widow; *second*, if there is no widow then to the children of the deceased member; *third*, if there be no widow nor children the money shall be paid in equal shares to the parents and brothers and sisters. The member attempted by will to dispose of the death benefit to his father, "in order to reimburse him for the expenses of my last sickness and

funeral, and for such other expenses as he may defray for me in the future, including requiem masses for the repose of my soul." It was also conceded that the father paid out on account of his son's funeral and expenses attending his last illness more than the amount received on account of the death benefit.

The only question presented to the trial court was whether August E. Wagner could dispose of this death benefit to his father for the purposes mentioned in the will, it being agreed that the father was not a *dependent* upon his deceased son. The court held he could not, and rendered judgment for the plaintiff for $287.50, being the amount which it appears from the agreed statement of facts was collected for the death benefit. From this judgment defendant appealed.

In my opinion the judgment of the trial court was correct and ought to be affirmed. These benevolent, religious societies, when conducting this *quasi* insurance business, are bound by the restrictions and limitations placed on them by the statute which gives them life. They have no power or authority therefore to transcend these limits; and if they attempt to provide for the relief of persons not named in the statute, or shall recognize as beneficiaries such as are not named in their organic law, such acts are *ultra vires* and void. Neither does it lie in the power of the party whose life is, after a manner, insured to divert the fund from the objects named in the statute. Bacon, Ben. Soc., sec. 168; *Keener v. Grand Lodge*, 38 Mo. App. 543, 549; *Masonic Ben. Ass'n v. Bunch*, 109 Mo. 560, 578; *Grand Lodge v. Elsner*, 26 Mo. App. 108; *Briggs v. Earl*, 139 Mass. 473; *National Mut. Aid Ass'n v. Gouser*, 43 Ohio St. 1; *Kentucky Masonic Mut. v. Miller's Adm'r*, 13 Bush (Ky.), 489.

BENEFIT societies: beneficiary: assessment: statute.

"Our statute reads: "Fraternal beneficial societies may provide for the relief and aid of their members and families, widows, orphans, or other kindred dependents of deceased members, or for assisting such as may be sick or disabled, from the proceeds of assessments upon the members of such society or association; and to that end may issue to its members beneficial certificates, payable at such time and in such manner as shall be therein provided," etc. This statute contemplates assistance to the member and his family during his life, or the payment (after death of the member) of a benefit fund to the widow, orphan, or other kindred dependent. The fund here in controversy was such as arose, or was collected, after death of the member. This, under the statute, belonged, and must go to the *widow*, since there were no orphan children nor "other kindred dependent," for it is admitted that the *father*, who claims the fund was not *dependent*, on his deceased son. We may state here, as was said in a *Kentucky* case, 13 Bush. 489, *supra*, that the defendant's charter (which is the statute before quoted) has prescribed "who shall be the beneficiaries of the membership after the death of the member, and it is not in the power of the company or of the member, or of both, to alter the rights of those who by the charter are declared to be the beneficiaries."

In *Briggs v. Earl, supra,* the question was as to the validity of an assignment of the benefit fund made by the member to a creditor. The court held the assignment void, and in the course of the opinion used this language: "The purpose for which they (said associations) can be formed is strictly limited by statute to rendering assistance to the widow and orphans of deceased members or other persons dependent on them; that is to say, after the support and assistance of the member have been withdrawn by death, the corpo-

ration then is to step in and supply his place in a measure. The purpose is not to assist wives and children, but widows and orphans. * * * The statute intends a particular and special method of assistance to the designated classes of persons after the member's death; and the purpose of the statute would be defeated by allowing an assignment, during the member's life, to his creditors, as collateral security. The assignment to Earl was therefore invalid."

The principle of that case is applicable here. The elder Wagner was and is a creditor of his son, and nothing more so far as the law of this case goes. As already explained, and as admitted by the agreed facts, he was not a *dependent* of his son, and not therefore within the class of beneficiaries named in the statute. His attitude before the court is the same as any stranger in blood would be. He claims under an assignment by *will*, but in this his case is no stronger than if the transfer had taken effect during his son's lifetime. Neither is the elder Wagner's claim any the more effective because his son owed him for expenses incurred during the young man's last illness. The claim of the father is one appealing strongly to one's sense of justice, but yet we have no authority to measure the rights of the parties by any other rule than that applied in other cases.

That provision contained in the defendant's by-laws authorizing a member to dispose of the death benefit by will must be construed as authority only to designate any of the parties named in the statute—that is, widow, orphan, or kindred dependent—for beyond that it would contravene the statute and could have no force or effect.

It is wholly unnecessary to discuss or pass upon certain objections made to plaintiff's petition. The

TRIAL practice: case was not tried on the petition. The
pleading:agreed parties came into court, waived the ordi-
statement. nary pleadings, and submitted the contro-
versy on an agreed statement of facts.

The only question for determination was, and is, what is the proper judgment on these conceded facts.

The judgment of the circuit court is affirmed. All concur.