ELEANORA HOFMAN, Respondent, v. The GRAND LODGE OF BROTHERHOOD OF LOCOMOTIVE FIREMEN *et al.*, Defendants; CHARLES SCHMIDT *et al.*, Appellants.

| 73 | 47 |
| 81 | 271 |
| 81 | 594 |

| 73 | 47 |
| f89 | 630 |

| 73 | 47 |
| 93 | ² 92 |

| 73 | 47 |
| 96 | ²104 |
| 98 | ²526 |

St. Louis Court of Appeals, January 4, 1898.

1. Benefit Society: CONSTITUTION: FAMILY: DEFINITION. By the use, in the constitution of a benefit society, of the words "and their families," in declaring the purpose of the beneficiary department of the society to be to provide relief for members and their families in case of death or total disability, must be understood such persons as habitually reside under one roof and form one domestic circle, or such as are dependent upon each other for support, or among whom there is a legal and equitable obligation to provide support.

2. ———: CERTIFICATE: DESIGNATION: WILL: EQUITY. The designation, by a member, of a certificate in a benefit society, instituted for the purpose of personal benefit to members and their families, was an expression of his will, which, on his death, entitled the beneficiary, who was a member of his family, to the benefit, to the exclusion of his heirs who were not members of his family.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

AFFIRMED.

*Rufus J. Delano* and *F. H. Bacon* for appellants.

If a change of beneficiary is attempted and the same is not effectual, or for any reason is invalid, the first designation remains in force, and the beneficiary originally designated is entitled to the fund. *Elsey v.*

*Mut. Relief Ass'n*, 142 Mass. 224; 7 N. E. Rep. 844; *Tyler v. Mut. Relief Ass'n*, 145 *Id.* 134; 13 N. E. Rep. 360; *Smith v. Relief Ass'n*, 46 N. E. Rep. (Mass.) 526.

If the laws of the order provide for a change of beneficiary, such change may be made; but a change of beneficiary can only be made in the manner prescribed by the laws of the society, and the specified formalities must be observed or the change will be ineffectual. *Coleman v. Knights of Honor*, 18 Mo. App. 194; *Head v. Supreme Council, Etc.*, 64 *Id.* 212, 215; *Holland v. Taylor*, 111 Ind. 127; *Wendt v. Iowa L. of H.*, 72 Iowa, 682; *Harman v. Lewis*, 24 Fed. Rep. 97, 532.

After the death of the member the society can not waive in any way the requirements of its laws. *McLaughlin v. McLaughlin*, 104 Cal. 171; *Keener v. Grand Lodge*, 38 Mo. App. 543; *Wendt v. Legion of Honor*, *supra*.

The court erred in assuming that the word family used in the by-laws is restricted to those living under the same roof. *Grand Lodge v. McKinstry*, 67 Mo. App. 82. See, also, *Carmichael v. Mut. Ben. Ass'n*, 51 Mich. 494; Story, Eq. Jur., sec. 1065b; *People v. Gas Trust*, 130 Ill. 268; *Wendell v. State*, 62 Wis. 304.

Although technically, because of a failure to designate, the benefit would revert to the society, yet the society, having paid the money into court, it enures to the benefit of the next of kin or legal heirs. *Taylor v. Nat. Temp. Union*, 94 Mo. 35; *Haskins v. Kendall*, 158 Mass. 224; *Walsh v. Walsh*, 20 N. Y. Sup. 933; Bacon on Ben. Soc., citations, sec. 243a.

*W. A. Alderson* for respondent.

Eleanora Hofman is, on the evidence, entitled to the fund in controversy. *Manning v. Grand Lodge*, 86 Ky. 136; *R'y Conductors v. Koster*, 55 Mo. App. 186;

*Nat. American Ass'n v. Kirgin*, 28 *Id.* 80; *Keener v. Grand Lodge*, 38 *Id.* 543; Bac. on Ben. Soc. [2. Ed.], secs. 309, 310; *Scott v. Mut. Relief Ass'n*, 63 N. H. 556; *Grand Lodge v. Child*, 70 Mich. 163; *Simcoke v. Grand Lodge*, 84 Iowa, 383.

The laws of the Grand Lodge of the B. L. F. expressly restricts its benefits "to members and their families." The record shows an admission that Eleanora Hofman and deceased were members of the same family, and that no one of the appellants was a member of deceased's family. *Hysinger v. Supreme Lodge*, 42 Mo. App. 629; *Benevolent Ass'n v. Bunch*, 109 Mo. 569; Bac. on Ben. Soc. [2 Ed.], sec. 311; Nib. on Ben. Soc. [2 Ed.], sec. 158; *State ex rel. v. Ben. Soc.*, 42 Ohio St. —; *Grand Lodge v. Elsner*, 26 Mo. App. 108; *League of Honor v. Perry*, 140 Mass. 580; *Mut. Assur. Fund v. Allen*, 106 Ind. 593; *Keener v. Grand Lodge, supra; Grand Lodge v. McKinstry*, 67 Mo. App. 82.

BLAND, P. J.—In February, 1895, the Grand Lodge of the Brotherhood of Locomotive Firemen, a fraternal and beneficial organization, issued to one George Dombach the following benefit certificate, viz.:

"Brotherhood of Locomotive Firemen.

"Number　　　　　　　　　　　Dollars
"6280　　　　　　　　　　　$1500.00

"Protection, Sobriety,　　Charity, Industry.

"This certificate, issued by the Grand Lodge of the Brotherhood of Locomotive Firemen, witnesseth: That Brother Geo. Dombach, a member of Peace Lodge No. 109 of said order, located at St. Louis, Missouri, is entitled to all the rights, privileges, and benefits of membership and to participate in the beneficiary department to the amount of fifteen hundred dollars, inmediately on the issuance of this certificate,

which amount, in the event of his total disability, shall be paid to him or at his death shall be paid to Sophia Dombach, his mother,. whose residence is St. Louis, Missouri. This certificate is issued on condition that said Geo. Dombach shall comply with all the laws, rules and regulations of the order while a member of the same, otherwise this certificate shall be canceled and become null and void.

"In witness whereof, the Grand Lodge of the Brotherhood of Locomotive Firemen has caused this certificate to be signed by its Grand Master and Grand Secretary and Treasurer, and the seal thereof to be attached this second day of January, one thousand, eight hundred and ninty-five.

"F. W. ARNOLD,

"Grand Secretary and Treasurer,

"T. P. SARGENT,

"Grand Master.

"We, the undersigned, Master and Secretary of Peace Lodge No. 109, do hereby countersign and attach the seal of this lodge hereunto this 19th day of February, 1895.

"H. L. ALLISON,          "J. L. WOODS,
      "Secretary.                "Master."

Sophia Dombach, the beneficiary named in the certificate, was the mother of George Dombach; she died on March 11, 1895, prior to the death of George, which occurred in a railroad accident in November, 1895. Sophia Dombach was married twice; her first husband was named Anthes; by him she had three children, the plaintiff being one of them, and Mary Bolgard and Phillip Anthes, defendants, the other two. By her second marriage to George Dombach she had one child, George Dombach, to whom was issued the above benefit certificate. At the time of the marriage of Sophia to George Dombach, Sr., he had living six

children, four of whom, and the children of the other two (now dead), are defendants and appellants. The suit is in equity brought by Eleanora Hofman, claiming the whole of the benefit fund, by reason of an alleged direction made by George Dombach to the Grand Lodge of the Brotherhood of Locomotive Firemen to pay the same to her. The Grand Lodge, by its answer, admitted its liability to pay $1,432 on account of the certificate, averred its belief that the plaintiff was entitled to the fund, and averred that she was so entitled, but for the reason that some of the defendants were making a claim to it, asked to be permitted to pay the money into court, and to be discharged. The defendants Phillip Anthes and Mary Bolgard, full sister and brother of plaintiff, filed separate answers in the suit, admitting the allegations in plaintiff's petition, and made no contest for any part of the fund. The answer of the other defendants, who are appellants, denied the right of plaintiff to the whole of the fund, and set up claims thereto as heirs of George Dombach, Jr. The laws of the order material to the issues in this case, and which were read in evidence, are sections 47, 51 and 66 of the constitution of the order, and which are as follows:

"Sec. 47. The beneficiary department of this order established to provide substantial relief to members and their families in the event of death or total disability, shall be known as the beneficiary department of the Brotherhood of Locomotive Firemen.

"Sec. 51. Upon the death of a beneficiary member in good standing, the person or persons named in the beneficiary certificate of the deceased member shall be entitled to receive from the beneficiary fund of the order the sum mentioned in the beneficiary certificate issued from the Grand Lodge office as determined by his application for the same, and the records of the

Grand Lodge; and in the event of the total disability of a beneficiary member in good standing, he shall be entitled to receive a like amount under like conditions, provided said deceased or disabled member shall have complied with all the laws and requirements of the order.

"Sec. 66. Any member desiring to make a new direction as to the payment of his beneficiary certificate, may do so by and with the consent of the lodge of which he is a member. He shall then authorize, or make such change in writing, on the back of the certificate in the form prescribed, attested by the secretary, with the seal of the lodge attached; but no such change or transfer shall be valid or have any binding effect until reported to the grand secretary and treasurer. All subsequent transfers shall be made in the same manner, except that a duplicate beneficiary certificate shall be issued by the grand secretary and treasurer when a third transfer is authorized, provided that the old certificate has been returned to the Grand Lodge, and provided further that in no other case shall a duplicate beneficiary certificate be issued unless the original has been lost or destroyed, or possession thereof can not be secured, and an affidavit to that effect, releasing the order from all liability thereon, has been filed with the Grand Lodge. All transfers of beneficiary certificates shall be recorded in the beneficiary certificate register of the subordinate lodge, and also in the grand register."

On the back of the original benefit certificate was printed the following blank form of a new designation:

"I . . . . . . . . . . . . . . hereby revoke my direction as to the payment of the within certificate, and now authorize and direct such payment, in the event of my death, to be made to . . . . . . . . . . . . . . . . whose re-

lation to me is that of . . . . . . . . and whose residence
is . . . . . . . . . . . .

"Witness my hand and seal this . . . . day of . . . .
189 . .                  . . . . . . . . . . . . (SEAL)
"Attest . . . . . . . . . . . . . . . . . . . . . Secretary."

The blanks in this form were filled in by pen writ-
ing in the handwriting of George Dombach, and read
as follows:

"I, George Dombach, hereby revoke my direction
as to the payment of the within certificate, and now
authorize and direct said payment, in the event of my
death, to be made to Eleanora Hofman, whose relation
to me is that of sister, and whose residence is 4322 Beck
Ave., St. Louis, Mo.

"Witness my hand and seal this 11th day of March,
1895.                  J. L. WOODS.   [SEAL]

"Attest:  H. L. ALLISON, Secretary.

"Seal of Peace Lodge, No. 909, B. of L. F."

The certificate with the new designation made by
George Dombach was some months prior to his death
handed by him to the respondent, with the direction
that she should keep it, and with the statement that he
had fixed the certificate so that she would get the bene-
fit of it, if anything should happen to him.  It was
admitted on the trial that George Dombach, Jr., was a
member of the family of respondent, and that he was
not a member of the family of appellants, in the sense
that he did reside and abide with them.  It was shown
by witnesses not of kin to the parties that George
Dombach, Jr., had, on divers occasions subsequent to
the death of his mother, expressed his desire that his
sister Sophia should have the full benefit of his certifi-
cate in the event of his death.  The new direction as
to the payment of his benefit certificate was made by
George Dombach, Jr., without first obtaining the con-
sent of his subordinate lodge; nor was the change

reported to the grand secretary and treasurer of the order.

The new designation was therefore not made in accordance with section 66 of the charter of the order, and was ineffectual in law to nominate the respondent as the beneficiary in said certificate. Bacon on Ben. Soc., sec. 307; Niblack on Ben. Soc., sec. 158; *Holland v. Taylor*, 111 Ind. 127; *McLaughlin v. McLaughlin*, 104 Cal. 171; *Coleman v. Knights of Honor*, 18 Mo. App. 194; *Head v. Supreme Council Catholic Knights of America*, 64 Mo. App. 212. Immediately on the death of George Dombach, Jr., the beneficiary fund, evidenced by the certificate, vested and became a fixed interest in whoever was entitled to take under the certificate, and it was not in the power of the order by a waiver of a compliance with its laws, in the attempt made by Dombach to make a new designation, to defeat this vested interest. *McLaughlin v. McLaughlin, supra; Wendt v. Legion of Honor*, 72 Iowa, 682. Sophia Dombach, as the beneficiary named in the certificate, acquired no vested interest in the fund by her nomination as such beneficiary. As to her, the fund was a mere expectancy, which might at any time be defeated by the designation of a new beneficiary—by a failure on the part of the member to pay dues and assessments, or by his failure to otherwise comply with the laws of the order, it was therefore not such a property interest as would descend to the heirs of Sophia Dombach at her death. Neither can the fund be treated as a part of the assets of the estate of George Dombach, Jr., the deceased member, for he had no interest in the fund— his sole power over it was to designate to whom it should be paid after his death. *Keener v. A. O. U. W.*, 38 Mo. App. 543.

It follows that the appellants, neither as heirs of Sophia or of George Dombach, have any legal claim to

the fund. Have they an equitable one?
BENEFIT society: constitution: family: definition. This inquiry becomes pertinent because this is in the nature of an equitable proceeding. George Dombach, Jr., directed in writing that the fund should be paid to his sister Sophia; that direction is not legally sufficient because it failed to comply in every particular with the laws of the order, but it clearly and unmistakably expressed his will in the matter. He was a. member of the family of this sister in the double sense of being her brother and of residing under the same roof and eating at the same table with her; in the latter sense he was not a member of the family of the appellants or either of them. The respondent sustained that relation to the deceased which brings her clearly within the class of persons for whose benefit the order was instituted, "members and their families." The Grand Lodge has waived a lapse or forfeiture of the fund, if any existed, by paying the fund into court, and by its answer has said that the fund rightfully belonged to the respondent, and thus endeavors to carry out the express will of its deceased member and to apply its benevolence where it believes it should equitably go. We are not of the opinion that the words "or their families," as used in section 47, *supra*, of the constitution of the order, should be construed to embrace all kindred of the same degree, but that the family therein intended to be benefited, where one exists, is the family as understood in its usual and ordinary sense, that is to such persons as habitually reside under one roof and form one domestic circle, or to such as are dependent upon each other for support, or among whom there is a legal or equitable obligation to furnish support. The evidence does not disclose that the appellants sustained any of these relations toward the deceased. True, they were his blood relations, but not of that degree which imposed

a legal obligation upon him to support them; nor does the evidence disclose a condition that imposed any equitable obligation upon him to give them support. As we have seen, the appellants can not claim any part of this fund as the heirs at law of either Sophia or George Dombach, Jr. The purpose of the insurance department of the order is for the personal benefit of the member and his family, and not to provide a fund for the benefit of his heirs, regardless of the family relations which the deceased member may have sustained to them in life. And where, as in this case, the named beneficiary in the certificate is dead at the time of the death of the member, and no new designation was made by the member, or where he made a new designation which proves to be ineffectual, because not made in accordance with the laws of the order, a court of equity will pick out the person or persons who are entitled to the funds under the laws of the order, or the person who is designated by the expressed will of the deceased member, where such will can be clearly ascertained, and decree payment accordingly. This is but doing equity and justice and enforcing the benevolent objects of the order. The respondent sustained that relation to the deceased member which clearly brings her within the class of persons to be benefited by the order; she was a half sister and a member of the family of George Dombach, Jr.; this entitled her to the whole of the fund as against the appellants, who were not members of his family. She is also entitled to the fund upon equitable grounds as against the appellants. The designation of her as the beneficiary made by George Dombach, Jr., while ineffectual under the laws of the order, was, under all the evidence, an equitable assignment to her of the benefits evidenced by the certificate, and a court of equity will apply to the

*BENEFIT certificate: designation: will: equity.*

transaction the well known maxim that "equity looks to the intention, rather than to the form," and will make the designation effectual because it was the intention of George Dombach that it should be so, and because he believed that he had made it so. His will was clearly expressed and it should be carried out. *Manning v. A. O. U. W.*, 86 Ky. 136; *Order of Railway Conductors v. Koster*, 55 Mo. App. 186.

With the concurrence of the other judges the judgment will be affirmed.