ALICE FERBRACHE, Appellant, v. GRAND LODGE A. O. U. W., Respondent.

Kansas City Court of Appeals, October 30, 1899.

1. Benefit Societies: STATUTORY POWERS: ULTRA VIRES. Benefit societies are creations of the statute incapable of exercising any power not therein expressed or clearly implied, and an attempt so to do is *ultra vires*.

2. ———: FAMILY: BENEFICIARY. The word family may be of narrow or broad meaning as the intention of the parties using it, or as the intention of the law in using it, may be made to appear; and where a son and his wife lived with his father, being dependent upon him for their support during the son's final illness, and took out a certificate for the benefit of his wife and his father, and subsequently died without changing the relation between himself and father, the father was a member of the family and is entitled to his share of the policy.

Appeal from the Buchanan Circuit Court.—*Hon. C. T. Strop,* Judge.

AFFIRMED.

*James M. Wilson* for appellant.

(1) George W. Ferbrache was not a member of the family of Walter H. Ferbrache within the meaning of the statute governing defendant, nor was he a dependent relative, and, therefore, could not be recognized as a beneficiary. R. S. 1899, sec. 2823; Wagner v. Benefit Society, 70 Mo. App. 161; Lister v. Lister, 73 Mo. App. 99. (2) Plaintiff being

the only legally named beneficiary in the certificate was entitled to the whole amount named therein.

*Chas. F. Booher* and *F. H. Bacon* for respondent.

(1) According to the recent decisions, "family" includes those who live under one roof and constitute one community of persons, and, under this definition, the father was a member of the family of Walter. Hofman v. Grand Lodge, 73 Mo. App. 47-55. The two cases cited by appellant, Wagner v. Benefit Society, 70 Mo. App. 161, and Lister v. Lister, 73 Mo. App. 99, both recognize the same principle.

SMITH, P. J.—Such facts as are necessary for a correct understanding of the questions raised by the appeal in this case may be shortly stated in this wise: One Walter H. Ferbrache, on March 4, 1895, became a member of the defendant order—a fraternal beneficial association, incorporated under the statute of this state—and obtained a benefit certificate promising to pay $2,000 to his father, George W. Ferbrache —with whom the said Walter then resided—in case of the death of said Walter, if at the time of his death he should be a member in good standing in defendant order; that later on, the said Walter, who was a physician, removed to St. Joseph, in this state, where, on October 2, 1895, he was married to the plaintiff; that after a short residence by the said Walter and his wife at the place of their marriage they, with their scanty personal effects, removed to the home of the father of the former, located in Holt county, in this state, where the said Walter, in accordance with the laws of the defendant order, revoked the designation of his father as beneficiary and thereupon a new benefit certificate was, at his request, issued to him, payable $1,000 to his wife and $1,000 to his father; that the said Walter was at the time of the removal of himself and wife to the home of his father conscious that he was afflicted with an incurable malady, and so returned there to reside and

he became a part of his father's family during the then brief period it was allotted for him to live; that he was without means to support himself and was in consequence of his ill health largely dependent on his father for support; that the change was made in the beneficiary certificate with the express consent of both of the beneficiaries therein named; that afterwards, on January 3, 1896, the said Walter died; that a short time after his death the defendant order being ready to pay the $2,000 benefit money the said father and the plaintiff, each in the presence of the other, accepted and received of the defendant order, without protest or objection, $1,000 in full of their claims under the said certificate.

More than two years after the said amount of benefit money had been paid plaintiff by the defendant order, she brought this suit to recover the $1,000 which had been paid in her presence and with her consent to her father-in-law. There was a trial in the court below, at which the defendant prevailed and the plaintiff appealed.

The decisive question arising on the appeal is whether the father, George W. Ferbrache, was a competent beneficiary under the statute, for if he was the judgment is for the right party—and otherwise it was not. The statute provides that fraternal beneficial societies, of which defendant is one, may provide for the relief and aid of "their members and families, widows, orphans or other kindred dependents of deceased members," etc., by assessments upon the members of such societies or associations, etc. R. S., sec. 2823. Incorporated associations or societies of the class to which the defendant order belongs are creations of the statute, incapable of exercising any power which is not therein either expressed or clearly implied. And so it has been held that if they attempt to provide for the relief of persons not named in the statute, or shall recognize as beneficiaries such as are not named in their organic law, their acts are *ultra vires*. Keener v. Grand Lodge, 38

Mo. App. 543; Wagner v. Benefit Society, 70 Mo. App. 161; Masonic Benefit Ass'n v. Bunch, 109 Mo. 560.

If the father was a member of the son's family at the time of the latter's death, and as well as at the time he was designated and made a co-beneficiary with the plaintiff in the new benefit certificate issued by the defendant order, then there can be no question but that he was a competent beneficiary under the terms of the statute.    The term "family" is one of a very comprehensive and varied signification; and, as said by Judge Ellison in Lister v. Lister, 73 Mo. App. loc. cit. 104:   "It may be of narrow or broad meaning as the intention of the parties using the word, or as the intention of the law in using it, may be made to appear."   It may be seen by reference to the standard dictionaries of the English language that this word comes from the Latin *familia*, the definition of which is *household*.   The approved definition of the latter is "a number of persons dwelling under the same roof and composing a family; and by extension, all who are under one domestic head."   Anderson's Law Dict., p. 448, and the authorities there cited.

Hoffman v. Grand Lodge, 73 Mo. App. 47, was where the St. Louis court of appeals was called upon to determine the meaning of the said statutory term in an action in some respects resembling the present one. The member of the society in that case resided under the same roof with his sister who was named by him as the beneficiary in the beneficiary certificate issued by the order.   In the course of the opinion of the court, delivered in the case, it was said that:   "He (meaning the member) was a member of the family of his sister in the double sense of being her brother and of residing under the same roof and eating at the same table with her.   *   *   * (She) sustained that relation to him which brings her clearly within the class of persons for whose benefit the order was instituted, 'members and their families.' "   And further along, in speaking of the same term which appeared in the constitu-

tion of the order, it was further said that: "We are not of the opinion that the words 'or their families,' should be construed to embrace all kindred of the same degree, but the family therein intended to be benefited, where one exists, is the family as understood in its usual and ordinary sense, that is as to such persons as habitually reside under one roof and form one domestic circle, or to such as are dependent upon each other for support, or among whom there is a legal or equitable obligation to furnish support." Lister v. Lister, 73 Mo. App. *ante,* is to the same effect.

It has been repeatedly ruled that the provision made by a certificate like the present, is testamentary to its character. Benefit Ass'n v. Bunch, 109 Mo. 580—and therefore the beneficiary must sustain to the member at the time of his death the relation required by the statute, or else he will not be capacitated to receive the beneficial provision made by the certificate.

Accordingly, we conclude that both at the time of the issue of the new certificate and at that of the death of the son, the father was a member of the "family" of the son within the meaning of that term, as used in the statute, and therefore the latter was competent to take the part of the beneficial fund as provided for him in the certificate, and that the plaintiff is not entitled to recover the same of the defendant.

In this view of the case, it becomes unnecessary to consider the question of estoppel discussed in the brief of counsel. The judgment of the circuit court will accordingly be affirmed. All concur.