ST. LOUIS POLICE RELIEF ASSOCIATION, a corporation, Interpleader, v. KATHERINE A. HOULEHIN, ADELAIDE A. HOULEHIN, MARY C. HOULEHIN and ELOYSIUS L. HOULEHIN, Appellants, MERCANTILE TRUST COMPANY, Executor of MARGARET HOULEHIN, Deceased, Respondent.

St. Louis Court of Appeals.    Opinion Filed January 7, 1919.

1. INSURANCE: Police Relief Association: Beneficiary in Membership Certificate: Mother Member of Family. Even though deceased's

mother, at the time she was named by him as beneficiary, and at the time of his death, was living at a widow's home, that did not exclude her from being a member of her son's family within the meaning of the constitution of the St. Louis Police Relief Association, so as to permit her son to designate her as beneficiary in a certificate of life insurance issued by it to him as a member, to the exclusion of his wife, from whom he was living apart, when during all of said period the mother was dependent upon and supported by her said son.

2. ———: ———: ———: ———: **Evidence.** Evidence *held* to support a finding that the deceased's mother was dependent upon him for support at the time she was named as beneficiary continuously up to the time of his decease, and that the mother came within that class of beneficiaries intended to be covered by the constitution of the St. Louis Police Relief Association.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Campbell Allison,* for appellants.

(1) St. Louis Police Relief Association, by its charter and by-laws, restricted its benefits to the families of police officers, etc. It is a creature of the statutes, and an attempt to pay benefits to a class not within its charter and by-laws is *ultra vires.* Wagner v. Benefit Association, 70 Mo. App. 161; Masonic Ben. Assn. v. Bunch, 109 Mo. 578; Grand Lodge v. Elsner, 26 Mo. App. 108; Keener v. Grand Lodge, 38 Mo. App. 543; Sutherland on Statutes, secs. 218-219. (2) A family and a dependent have each been a separate and distinct class of beneficiaries under our statutes for thirty years. The law of 1911 struck out the class family and retained the class dependent. Sec. 7109 (Statute 1909), Session Laws, 1911, page 286. (3) A family is a collective body of persons living in one house or under one head or management or one domestic government, the relation being of a permanent character. 19 Cyc, page 450; Supreme Council v. Neidlet, 81 Mo. App. 598; Grand Lodge v. McKinstry, 67 Mo. App. 82; Hofman v. Grand Lodge, 73 Mo. App. 47; Lister v. Lister, 73

Mo. App. 99; Birch v. Birch, 113 Mo. App. 163; Travelers Assn. v. Tenant, 128 Mo. App. 551; Ferbrache v. Grand Lodge, 81 Mo. App. 270; Peterson v. Knights, Etc., of Security, 189 Mo. App. 662. (4) Evidence of statements alleged to have been made by Patrick Houlehin during his lifetime to the effect hat his mother was dependent on him were inadmisible. Weller v. Collier, 199 S. W. 974.

*Ryan, Thompson, Thompson & McCullen* for respondent.

(1) The trial court's finding that Mrs. Margaret Houlehin was a member of the family of her son Patrick, within the meaning of the law here applicable, was well established by the evidence, and it sustained by the authorities. Peterson v. Knights, etc., 189 Mo. App. 662; Hofman v. Grand Lodge, 73 Mo. App. 47; Grand Lodge v. McKinstry, 67 Mo. App. 83; Manley v. Manley, 107 Tenn. 191; Y. M. M. L., Ass'n, 1. Harrison (Supreme Court Kentucky, 23 Weekly Law Bulletin 360; Klotz v. Klotz, 15 Ky. Law Rep. 183; 2 Bouvier's Law Dictionary, (3 Ed.), p. 1187; Footnote in 3 L. R. A. (N. S.) 334; 29 Cyc.. 112 N; Bacon on L. and Acc. Ins. (3 Ed.), sec. 329. (2) The question of whether she was a member of her son's family was one of fact, and this court will defer to the finding of the Chancellor. Peterson v. Knights, etc., 189 Mo. App. 674; Travelers Ass'n Tennent, 128 Mo. App. 552; Grand Lodge v. McKinstry, 67 Mo. App. 90; Shannon v. Dillon, 205 S. W. 236, 329 (decided by this court). (3) The issue made by the pleadings that Mrs. Margaret Houlehin was not dependent on her son, was found in her favor by the Chancellor and was amply sustained by the evidence, and that finding will be deferred to by this court. Cases supra under point two. (4) The mother was a member of his family, the only member with which he had any association or relation for years, and was duly designated by him on the books of the Association as the person to whom the fund should be paid as provided by sec. 4, art. 7 of the Constitution of the Association.

(App. Abs., p. 58.) She was, therefore, entitled to the fund even if not dependent upon him for support.

BECKER, J.—This is an appeal in a case in which the appellants, Katherine A. Houlehin, Adelaide A. Houlehin, Mary C. Houlehin and Eloysius L. Houlehin, widow and children and heirs at law of Patrick J. Houlehin, contest the right of Margaret Houlehin, mother of the said Patrick J. Houlehin and the named beneficiary in a certificate of life insurance issued by the St. Louis Police Relief Association, to a fund of $2000 which accrued thereunder upon his death. Because of these rival claims the St. Louis Police Relief Association filed a bill of interpleader, which was sustained, by consent of the parties, and the fund of $2000 was paid to the clerk of the court. Upon a hearing the court awarded the fund to the said Margaret Houlehin, mother of the deceased, from which the widow and children in due course bring this appeal.

During the pendency of the appeal the said Margaret Houlehin passed away and the cause was revived in the name of Mercantile Trust Company, her executor.

There is no controversy but that the St. Louis Police Relief Association, a corporation, is organized under article 12, chapter 33, of the Revised Statutes of Missouri, 1909, providing for police and firemen relief associations, and that section 1, article 2, of the charter, constitution and by-laws of the St. Louis Police Relief Association provides that ''the objects for which this association is formed are to create a fund for (1) the purpose of affording relief to such members of the association as may become (a) sick, (b) disabled, or (c) incapacitated by long years of service, or (d) as may have served five (5) years on the police force of the city of St. Louis and severed their connections with the force after such service; (2) *aiding the families* of police officers who may die while members in good standing of this association.'' (italics ours) Section 4, article 7, provides ''whenever any member of the police force, who is a member of this association, shall die, the sum of $2000.00 shall be paid within 30 days after his

demise, to such person or persons as he may have designated on the books of the association. If he shall have failed to designate, it will be paid to his heirs at law in accordance with the laws of descent and distribution. If he shall have failed to designate and have no heirs at law it shall then revert to the association.''

It appears that in 1885 Patrick J. Houlehin joined the police force of the city of St. Louis and continued to be a member in good standing up to the time of his demise on the 29th day of December, 1914. A year or two after Houlehin had become a member of the police force he married, and in September, 1900, he named his wife Katherine A. Houlehin, defendant herein, as his beneficiary. Patrick's mother lived with them without paying any board from about 1889 to 1907, when for some reason not clearly shown by the record, the mother went to the Mullanply Hospital for a few weeks and then went to St. Ann's Widow's Home to live, and she was living there at the time of the trial. In February, 1910, Patrick left the home where he had been living with his wife and children and went to live apart for himself. He continued to live thus, estranged from his wife and children, until his decease in 1914, however he paid $25 monthly to his wife during the years of their separation. In August, 1910, after he had separated from his wife and was no longer living under the same roof with her, he changed his beneficiary to his mother, Margaret Houlehin, who was then living at St. Ann's. The mother remained the named beneficiary thereafter continuously until Houlehin's demise in December, 1914. At his death he left surviving him, besides his mother, the plaintiffs, Katherine A. Houlehin, his widow, and Adelaide A. Houlehin, Mary C. Houlehin and Eloysius L. Houlehin, his children, born of the marriage, each of said children having attained their majority.

The sole question in issue is as to whether or not under the testimony adduced in this case the mother, the said defendant, Margaret Houlehin, fell within that class of beneficiaries which is designated under our statutes and under the provisions of the constitution of the said

St. Louis Police Relief Association. Having in mind that the fund, under the objects provided for in the constitution of the association, can be paid only to members of *families* of police officers who may die while members in good standing in the association, it therefore becomes necessary to determine whether or not Margaret Houlehin, the mother of the deceased, can in legal contemplation be held to have been a member of Patrick J. Houlehin's family.

What definition of the word "family" shall be our guide in determining? The word "family" has been variously defined. In its widest scope it would include all the descendants of a common progenitor, as when we speak of one's family tree, but when used in its primary sense it is often used to designate that collective body of persons who live in one house under one head or management. Of the various definitions of the word "family," when used in the latter sense, we find that in construing the word "family" when used in the constitution of a benefit society, declaring its purpose, amongst others as that of aiding the families of members, the court held it to mean "such persons as habitually reside under one roof and form one household or such as are dependent on each other for support or among whom there is a legal or equitable obligation to furnish support." [Hofmann v. Grand Lodge, 73 Mo. App. 47; Lister v. Lister, 73 Mo. App. 99; Ferbrache v. Grand Lodge. 81 Mo. App. 268.] We are of the opinion that this definition of the word family is comprehensive in its scope and we shall apply it here.

Under this definition it must be conceded that had the mother been living with and supported by the son, she would unquestionably have been a member of his family. Does then the fact that the mother was living at St. Ann's Widow's Home and thus not living with her said son, at the time she was named as beneficiary and at the time of the decease of her son Patrick, of itself exclude her from being in contemplation of law considered as a member of her son's "family," within the meaning of the word "family" as used in the

constitution of the association? We think not; provided that during all of said period the mother was dependent upon and was supported by her said son.

While upon this question of dependency and support the evidence was conflicting, yet one cannot read the record in this case without concluding that the testimony which was adduced on the part of the defendant, mother, greatly preponderated, and that when she went to St. Ann's the arrangements for her going there had been made at the suggestion of her son Patrick and upon his agreeing to pay St. Ann's the sum of $10. per month for her maintenance and support, and that he did, in point of fact, pay the agreed, stipulated sum up to the time of his decease. Several of the witnesses testified that the son had given them money to be paid to St. Ann's; the records of the institution show that monthly payments had in point of fact been made, and in the light of the detailed history of the mother's financial affairs, which failed to show her possessed of any funds during the years immediately preceding her going to St. Ann's—years during which she had admittedly been living as a member of said son's, Patrick, home, together with his wife and children, and not paying any board—is sufficient to warrant the finding of the learned trial judge that the mother was, in contemplation of law, a member of her son's family at the time of his decease. The fact that several witnesses testified that the mother, who at the time of the trial was 87 years old, had, on various occasions, stated that she had means of her own and was not dependent upon any one, must be taken in light of human experience, which has taught us that the average person is not prone, when by reason of misfortune or advancement in years, they may have become an object of charity, to proclaim it from the housetop, but rather, if curcumstances arise which require any statement as to the matter, to speak so as to leave or create the impression that they are self supporting. And beyond

such statements testified to by several witnesses as having been made by the mother, no testimony was adduced of any probative value which proved, or from which one could infer, that the mother, during the last years of her life, had any means of her own whatsoever.

Even were the testimony in this case more evenly balanced in its conflict as to whether or not the mother was dependent upon her son while she lived at St. Ann's, which however, as above stated we do not find to be the case herein, we would not be disposed to interfere with the conclusions reached by the learned trial judge who had each of the witnesses before him and thus had a better opportunity to judge the credibility of the witnesses and the weight to be given to their testimony.

While the claim of the wife, as presented in this case, appeals strongly to one's sense of equity, yet we are without authority to determine this case excepting upon the rule of law applicable to this class of cases.

Holding as we do that the mother was dependent upon her son for support at the time she was named as beneficiary continuously up to the time of his decease, it follows that the mother came within that class of beneficiaries intended to be covered by the constitution of the St. Louis Police Relief Association, where as one of its objects it provides for "aiding the families of police officers who die while members in good standing." The judgment is accordingly affirmed.

*Reynolds, P. J.,* and *Allen, J.,* concur.