THOS. J. McMILLAN, Guardian, etc., v. ANNA WACKER, Appellant.

Kansas City Court of Appeals, March 26, 1894.

Administration: PERSONALTY PASSES TO ADMINISTRATOR. Personal property passes to the administrator, and he alone,—and not the heir, —has a right to the possession thereof, and can alone sue therefor, unless the probate court shall by order dispense with any administration.

*Appeal from the Gasconade Circuit Court.* — HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

*Kiskaddon & Meyer* for appellants.

Upon the death of Louise Wacker, the mother of plaintiff's wards, the property passed to the administrator of said Louise, unless an order had been made by the probate court of Gasconade county, that no

letters of administration should issue, as provided by section 2, chapter 1 of the Revised Statutes of 1889. *Griswold v. Mattix*, 21 Mo. App. 282; *Helman v. Wellenkamp*, 71 Mo. 407; *Smith v. Denny*, 37 Mo. 20. And until an administration is shown, or an order dispensing with an administration, the heirs have no right to the possession of the property.

*T. J. McMillan* for respondent.

The property sued for remained the separate property of the mother of plaintiff's wards upon her marriage to Henry Wacker, the father of said wards; and upon her death it also descended to said wards. R. S. 1879, sec. 3296. Louise Wacker, the mother of plaintiff's wards, died without leaving any debts; and, under circumstances as disclosed by the record in this cause, official administration is unnecessary and improper. At all events, plaintiff's wards had such an interest in the property sued for as enabled him to maintain replevin therefor as towards one who is a total stranger to the property, with no right, claim or interest therein as is the appellant. *McCracken v. McCaslin*, 50 Mo. App. 85; 5 Wait's Actions and Defenses, p. 471.

Gill, J.—Plaintiff McMillan brought this suit for and in behalf of his minor wards, Fred A. and Henry Wacker. The action is replevin, originating before a justice of the peace, and is to recover the possession of certain household goods which it is alleged belonged to these children. On a trial in the circuit court, where the cause was taken by appeal, there was a judgment for plaintiff, and defendant appealed.

In July, 1886, Louise Wacker, the mother of the above named minors, died intestate, leaving as her

own separate property the household goods in question, and these two children as her only heirs at law. Her husband, Henry Wacker, was thereafter married to defendant, Anna Wacker, and then he died, leaving the goods in question in the possession of said Anna. So far as known, Louise Wacker owed nothing at her death. There was no administration on the estate of said Louise Wacker, nor any order made by the probate court dispensing with administration as authorized by the statute.

On the facts of this case the judgment was for the wrong party and must be reversed. On the death of a party the personal property passes to the administrator, and he alone has a right to the possession thereof, *unless* indeed the probate court shall, by order, dispense with any administration, as provided for by section 2 of the administration statute. It is only "after making such order such widow or minor children shall be authorized to collect, sue for and retain the property belonging to such estate." R. S. 1889, sec. 2. The probate court is the only tribunal having original jurisdiction to determine the question as to whether or not an administration is necessary.

However harshly this may in some cases operate, we are compelled to follow the law as we find it. See in point: *Griswold v. Mattix*, 21 Mo. App. 262; *Smith v. Denny*, 37 Mo. 20.

Judgment reversed and cause remanded. All concur.