A. L. JACOBS, Respondent, v. J. B. MALONEY et al., Appellants.

Kansas City Court of Appeals, January 6, 1896.

1. **Administration:** HEIR'S TITLE TO PERSONAL PROPERTY. On the death of the decedent the title to his choses in action passed to his representative and the heir can acquire no title, except through administration.

2. **Contracts:** NOVATION: CONSENT OF PARTIES. To substitute a new contract in the place of an old one requires the assent of all the parties to both the new and the old contract.

3. **Bills and Notes:** SUBSTITUTING NEW FOR OLD: PAYEE DECEASED: CONSIDERATION. Before administration on the estate of the payee, an

heir can not take a new note in exchange for notes due the decedent, since there is no one to assent for the payee and the old notes remain in force and the new one is without consideration.

*Appeal from the Linn Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED.

*J. B. Maloney* and *W. C. Maloney* for appellants.

(1) This is a suit to recover a debt due an estate, by a mere meddler, in his own name, without responsibility or authority on his part. (2) The transaction, on March 24, 1892, was an attempted novation of a debt, but one of the parties being dead, and plaintiff having no power or authority to act, the transaction was a nullity, and did not even cancel the old debt, and was not, therefore, complete or binding novation. 1 Par., Cont. pp. 217–521; 16 Am. and Eng. Encyclopedia of Law, pp. 865–868; *Vanderline v. Smith,* 18 Mo. App. 55; *Lee v. Porter,* 18 Mo. App. 377. (3) Any commercial transaction in violation of law is a nullity and obligations given in settlement of such transactions are void. The note here was given in settlement of a transaction in direct violation of sections 2 and 92, volume 1, Revised Statutes, 1889, and the general probate laws of this state. Tiedeman, Com. Paper, sec. 198, p. 327; *Bank v. Young,* 37 Mo. 398; *Adey v. Adey,* 58 Mo. App. 408. (4) The note here sued on is a part of the assets of the estate, passes to the administrator, and can only be sued for or recovered by him, first or secondly, by widow or minor children after necessary and proper steps in the probate court. 1 R. S. 1889, secs. 2 and 92; *Leaky v. Maupin,* 10 Mo. 373; *State ex rel. v. Moore,* 18 Mo. App. 406; *Smith v. Denny,* 37 Mo. 20; *Becraft v. Lewis,* 41 Mo. App. 546; *Griswold v. Mattix,* 21 Mo. App. 282; *McMillan v. Wacker,* 57 Mo. App. 220; *Adey v. Adey, supra.*

SMITH, P. J.—This is a suit on a promissory note, which originated before a justice of the peace. The case, briefly stated, is about this:

One H. Jacobs departed this life seized and possessed of considerable property, both real and personal, among which were three promissory notes, executed to him by the defendants; and he also left surviving him several children, of whom the plaintiff is one. The plaintiff, after the death of his father, took possession of the said notes and presented them to defendants for payment. The latter, supposing the former to be the rightful holder thereof, executed a new note payable to him, who thereupon surrendered the three old notes to the latter. Neither the plaintiff nor anyone else, at the time of the transaction just stated, had been appointed or qualified as administrator of the estate of said deceased, nor does it appear that the probate court had made an order as provided in section 2, Revised Statutes, authorizing plaintiff to collect, sue for, and retain all the property belonging to the estate of his father, or that he was more than an unauthorized intermeddler with the assets belonging to that estate. Upon this state of facts, the plaintiff had judgment in the court below and from which defendants have appealed.

It is clear that, on the undisputed facts of the case, as we have stated them to be, on the death of the plaintiff's father the title to the three notes owing him by defendants passed to and vested in his representative and not in plaintiff. The plaintiff could acquire no title, except through administration. *Becraft v. Lewis,* 41 Mo. App. 546; *McMillan v. Wacker,* 57 Mo. App. 220; *Adey v. Adey,* 58 Mo. App. 408; *Griswold v. Mattix,* 21 Mo. App. 262; *Smith v. Denny,* 37 Mo. 20.

The surrender by plaintiff of the notes to defendants, and the execution by them of a new note to plain-

tiff, did not extinguish the defendant's obligation on the old notes. The rule is elemental that the substitution of a new contract in place of an old one requires the assent of *all the parties to the old contract* and of all the parties to the new. Unless *all the parties* to the old contract consent, it can not be rescinded. 2 Wharton, Contr., sec. 855; *Lee v. Porter*, 18 Mo. App. 377.

The payee in the three old notes was dead, and as there was no representative of his estate, there was no one capable in law of assenting to the substitution of the new note in the place of the old ones. The new note given by defendant, in place of the three old ones, was, therefore, wholly without consideration.

The peremptory instruction asked by defendant should have been given. The judgment is manifestly for the wrong party and must be reversed. All concur.