GRAND LODGE ANCIENT ORDER OF UNITED WORKMEN
OF THE STATE OF MISSOURI, Respondent, v.
ELIZABETH DISTER et al., Appellants.

St. Louis Court of Appeals, December 27, 1898.

1. **Statutory Construction of Section 10 of the Session Acts of 1897, Page 135:** FRATERNAL BENEFICIARY ASSOCIATIONS. The obvious purpose of the statute was to exempt the fund due on a benefit certificate from involuntary application to the debts of the beneficiary named therein or the person entitled thereunder. It was not the purpose of the statute to create a perpetual trust or entail in the fund.

2. ———: ———: ADMINISTRATOR: ASSETS. Under our laws, except upon an order of the probate court dispensing with administration, the only party entitled to the assets of an intestate is the administrator. He holds such assets as the general representative in title of the decedent, but has not on that account any right to apply those, exempted by law from the payment of debts, to that purpose, but holds them in trust for the persons entitled, and must account to them therefor.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL D. FISHER, Judge.

REVERSED AND REMANDED (*with directions*).

F. H. BACON for respondent.

While in a bill of interpleader it is not sufficient to simply state that the defendants make conflicting claims, it is enough to set up a color of right on the part of rival claimants. Robards v. Clayton, 49 Mo. App. 608; Franco-American, etc., Ass'n v. Joy, 56 Mo. App. 433; Heusner v. Ins. Co., 47 Mo. App. 342; Roselle v. Bank, 119 Mo. 84. In the recent case of Sullivan v. Knights of Father Mathew, the court indorsed the most liberal view of the right of a society

like respondent to maintain a bill of interpleader. The supreme court of Massachusetts in Supreme Commandery v. Merrick, 163 Mass. 374; 40 N. E. Rep. 183, says: "The remedy by interpleader is so beneficial, has been resorted to so commonly in cases of this sort, and the somewhat analogous, but not identical, jurisdiction under bills for instruction by trustees, has been carried so far in this commonwealth, that we are disposed to resolve any doubts in favor of plaintiff." Crane v. McDonald, 118 N. Y. 648; 23 N. E. Rep. 991. It is urged, however, that although the administrator can not take in his own right yet it is his duty under the principle laid down in Bishop v. Grand Lodge, 112 N. Y. 627; 20 N. E. Rep. 562, to collect the money as trustee. In the Bishop case it is true that it was said that the money collected would be a special fund subject to the exemption provided for in the act of incorporation and not liable for the payment of the debts of the deceased. It was however settled there as in Simon v. O'Brien, 33 N. Y. Sup. 815, that the administrator would take as a naked trustee simply for the purpose of paying the fund over to the proper beneficiaries. Against this decision in New York we oppose the better authority of Britton v. Supreme Council, 46 N. J. Eq. 102; 18 Atl. Rep. 675. We admit that it has also been held in Massachusetts, in numerous cases, particularly Rindge v. Society, 146 Mass. 286; 15 N. E. Rep. 628; Burns v. Grand Lodge, 153 Mass. 173; 26 N. E. Rep. 443; that the administrator is the proper party to sue. We do not think, however, that these cases are at all applicable.

GEORGE W. LUBKE, JR., for appellant.

The bill shows on its face that only the administrator of the deceased widow and beneficiary is entitled

to the fund in question, and is therefore bad. Robards
v. Clayton, 49 Mo. App. 608; Shaw v. Coster, 8 Paige,
339. The bill to be good must show that adverse
claims to the fund have been made or that suits have
been instituted or threatened by several claimants.
Franco-American Ass'n v. Joy, 56 Mo. App. 433;
Glaser v. Priest, 29 Mo. App. 1; Hathaway v. Foy, 40
Mo. App. 540. The beneficiary in the certificate in
question had no vested interest in the benefit to be de-
rived therefrom until the death of the member. Until
that event happened she had simply an expectancy or
inchoate right. Masonic Ben. Ass'n v. Bunch, 109
Mo. 560; Wells v. Covenant M. B. Ass'n, 126 Mo. 630;
Nat. Am. Ass'n v. Kirgin, 28 Mo. App. 80; Order Ry.
Conductors v. Koster, 55 Mo. App. 186; Hoffmeyer v.
Muench, 59 Mo. App. 20. Upon the death of the
member, the beneficiary named in the certificate sur-
viving him, such expectancy or inchoate right becomes
vested in the beneficiary, and the relation between the
beneficiary and the order or association is that of debtor
and creditor. Meyer v. Knights & Ladies of Honor,
72 Mo. App. 350; Sternberg v. Levy, No. 7189, St.
Louis Court of Appeals, decided November 1, 1898;
Aiken v. Mass. Ben. Ass'n, 13 N. Y. Sup. 579. The
chose in action being vested in the beneficiary at the
death of the member, it passes with other personalty
to her administrator at her death. Chartrand v. Brace,
16 Col. 19; Union Mut. Ass'n v. Montgomery, 70
Mich. 587. This is true, even though the chose is
exempted by statute or otherwise from the payment
of debts. Bishop v. Grand Lodge, 112 N. Y. 627.
Payment to the defendant administrator would have
discharged all liability on the part of the order. Rindge
v. New England M. A. Soc., 146 Mass. 286; Burns v.
Grand Lodge A. O. U. W., 153 Mass. 173; Bishop v.
Grand Lodge, *supra.* The only way by which the

children of the deceased beneficiary can acquire title to the chose in question is through the administrator of said deceased. Bancroft v. Lewis, 41 Mo. App. 546, and cases cited; McMillan v. Wacker, 57 Mo. App. 220.

BOND, J.—The petition in this case, omitting the formal parts, is as follows:

"For cause of action plaintiff states that it is now and was at the times hereafter stated, a fraternal beneficiary corporation under the laws of the State of Missouri.

"Plaintiff states that it is and was at the times hereinafter stated the governing body of a fraternal secret beneficiary order composed of it and various subordinate lodges known as the Ancient Order of United Workmen, and that at all times hereinafter stated North Star Lodge No. 245 was one of the subordinate lodges of said order.

"Plaintiff states that heretofore, to wit, on or about the 20th day of March, 1892, one John Schoeneck became a member of the Ancient Order of the United Workmen and of North Star Lodge No. 245, a subordinate lodge of plaintiff's said order, located in the City of St. Louis, and State of Missouri, and received from plaintiff a benefit certificate (No. 15752) whereby it was certified that said John Schoeneck was a member of plaintiff's said order and was entitled to have paid to his wife, Anna Maria Augusta Schoeneck, upon his death, if at the time of such death he had complied with all the laws, rules and regulations of said order, the sum of two thousand dollars. Plaintiff states that heretofore, to wit, on the 19th day of November, 1897, said John Schoeneck died, and at the time of his death was a member in good standing in said order, and was entitled to have paid to said Anna

Maria Augusta Schoeneck, his widow, the sum of two thousand dollars, in accordance with the terms of said certificate. Plaintiff states that after the death of said John Schoeneck and before the payment of the money in said benefit certificate provided to be paid, to wit, on November 24th, 1897, said Anna Maria Augusta Schoeneck died. That afterwards, to wit, said defendant Frederick M. Dister duly qualified as administrator of the estate of said Augusta Schoeneck, deceased, and demanded payment of the said two thousand dollars to be paid in and by said certificate to him as administrator of the said Augusta, claiming that the said two thousand dollars formed a part of the estate of said Augusta Schoeneck and that he as such administrator was entitled to receive same. Plaintiff states that defendants, Elizabeth Dister, Christina Overton, John Schoeneck and Dorothea Schoeneck, are the children and legal heirs of said John Schoeneck, deceased.

"Plaintiff states that defendant John Schoeneck, is a minor of the age, to wit, fourteen years. Plaintiff states that under the terms and provisions of section 10 of an act providing and regulating formal fraternal beneficial societies, etc., enacted by the legislature of the State of Missouri, approved March 16th, 1897, it is provided as follows, to wit: (Section 10).

" 'The money or other benefit, charity, relief, or aid already paid or to be paid, provided or rendered by any association, authorized to do business under this act shall not be liable to attachment or execution by trustee, garnishee, or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, or by the operation of law, to pay any debt or liability of a certificate holder of any beneficiary named in a certificate or any person who may have any right thereunder.'

"Plaintiff states that said act has never been construed that if, under the demand of said administrator of said Augusta Schoeneck, it pays the said two thousand dollars to him the same may be applied to the payment of debts and diverted from the heirs of said Augusta Schoeneck and said John Schoeneck who are, to wit, the defendants contrary to the statute. Plaintiff states that it is informed and believes that under the act of the legislature in question that said two thousand dollars should be paid to the said children of said Augusta Schoeneck direct and not to the administrator of said Augusta. Plaintiff says that, because of the doubt and difficulties and demands aforesaid, it is unable to decide with any safety to itself to whom said money should be paid, as in either case it will be subject to litigation.

"Plaintiff states that said certificate is now in the hands of said Frederick M. Dister, administrator as aforesaid. Plaintiff further states that it is not interested in said funds, and that it does not make any claim directly or indirectly thereto, or any part of it, but is willing and ready to pay the same to whoever is lawfully entitled thereto, and that this suit is not brought by collusion or privity with any or either of said defendants, but solely for the purpose of being relieved from the responsibility of deciding to whom such money should be paid.

"Wherefore plaintiff prays that said certificate may be brought into court and that plaintiff may by decree of this court be ordered to pay into court the said sum of two thousand dollars, less a reasonable allowance for expenses and attorney fees, and upon payment being made as aforesaid, said certificate may be canceled and delivered up to plaintiff, and that plaintiff may be discharged from any and all liability to said defendants, or either of them on account of said

certificate, or on account of the membership of said John Schoeneck in said order, and that defendants and all of them may be forever enjoined and restrained from bringing any action or proceeding in law or equity against plaintiff on account of said money, said benefit certificate or on account of the membership of said John Schoeneck, and that upon the payment of said money into court as aforesaid, plaintiff may be discharged and go hence without day, and that defendants may interplead among themselves for said fund so as aforesaid paid into court, and for all such other and further relief to which plaintiff may be entitled, the premises considered.''

All the defendants, except two, appeared and filed a general demurrer to the above petition, the latter being minors answered by their guardian *ad litem.* The court overruled the demurrer, sustained the petition for interpleader, ordered the payment of the fund into court, and directed all the parties to interplead therefor. · The demurrants appealed.

It is insisted upon their behalf that the bill of interpleader was improperly filed, in that it was the legal duty of the plaintiff therein to pay the money in question to the administrator of the beneficary named in the certificate. The decision of this question involves a consideration of the effect of section 10 of the act of 1897, governing fraternal-beneficiary associations (Sess. Acts 1897, p. 135), quoted in the petition. Prior to that enactment the title of the administrator upon the facts stated, would be unquestionable, hence the point to be decided is, how far the section in question affects his right to the fund under · the previous law. The obvious purpose of the statute was to exempt the fund due on a benefit certificate from involuntary application to the debts of the beneficiary named therein or the person entitled thereunder.

It was not the purpose of the statute to create a perpetual trust or entail in the fund. Such a motive would be contrary to sound policy and the law of this state. What it intended was, to put it out of the power of the law to deprive the person entitled to receive the fund (after the right hereto had vested) from the personal use and enjoyment of it. Such person as an incident of ownership would have an unlimited power of disposition or alienation, but without his consent no creditor could reach it by any legal or equitable machinery; nor through the process of administration. Under the facts shown in the petition when the member of the respondent order died, the right to receive the fund at once vested in the intestate of the administrator, who was then alive, with all the safeguards thrown around her ownership and enjoyment by the statute under consideration. She having died before receiving payment, the fund did not on that account lose the exemption from application to her debts which attached to it during her life, but retained that quality. For if this were not true the statute would only protect the fund against the creditors of a named beneficiary provided such beneficiary got actual possession of it before death. Such a construction is opposed to the law and spirit of the act. As it was then a fund secured from her creditors and yet a part of her estate, the only question to be answered is who under the laws of Missouri, was entitled to receipt for it to the respondent order? Under our laws, except upon an order of the probate court dispensing with administration, the only party entitled to the assets of the estate of an intestate is the administrator. McMillan .v. Wacker, 57 Mo. App. 220. He holds such assets as the general representative in title of the decedent, but has not on that account any right to apply

those, exempted by law from the payment of debts, to that purpose, but holds them in trust for the persons entitled, and must account to them therefor. This is also in accord with the law of New York on this subject. Bishop v. Grand Lodge, 112 N. Y. 627. In this case it is clear, therefore that the administrator as the *quasi* trustee of the heirs is entitled to the proceeds of the benefit certificate, and that such proceeds when received by him can not be applied to the liabilities of the estate in his hands, but must be accounted for to the heirs at law of his intestate. As his right to collect the fund in that capacity appeared by correct legal deduction from the allegations of the petition, it did not present a proper case for an interpleading, and the court erred in so holding. The result is that the judgment is reversed and the cause remanded with directions to dismiss the petition. All concur.