DREW P. TYE, Appellant, v. JOHN M. TYE   et al., Respondents.

### Kansas City Court of Appeals, April 1, 1901.

1. **Gifts: CONTRACT: CONSTRUCTION.** A contract whereby, for sufficient consideration, a party agrees to give all his personal property to another at his death, constitutes neither a gift *inter vivos* nor *causa mortis.*

2. **Administration: ASSETS: TITLE.** The decedent's title at his death is the criterion of the title which devolves upon the administrator, and an agreement to give at one's death leaves the title at that time in the donor; and the title passes to the administrator.

3. ———: INDORSED NOTES: JURISDICTION OF PROBATE
COURT. A note regularly indorsed and delivered with the inten-
tion of passing the title does not vest in the administrator, but if
not so indorsed and delivered the jurisdicton to determine whether
it is an asset of the estate belongs to the probate court and it
should go to the administrator.

Appeal from Daviess Circuit Court.—*Hon. E. J. Broaddus,*
Judge.

AFFIRMED.

*Frank S. Miller* and *Scott J. Miller* for appellant.

(1) The court erred in giving peremptory instruction at
the close of plaintiff's evidence. Taylor v. Short, 38 Mo. App.
21; Grant v. Railroad, 25 Mo. App. 227; Matthews v. Rail-
road, 26 Mo. App. 75; Bank v. Bank, 151 Mo. 320; Twohey v.
Fruin, 96 Mo. 104; Charles v. Patch, 87 Mo. 450; Dunbar v.
Fifield, 85 Mo. App. 484. (2) The agreement between plain-
tiff's mother and himself that for her support she would assign
all her personal property, and the evidence that this note was
part of her personal property; then the fact of the possession of
this note by the plaintiff; then the proof that he complied
strictly with the contract and furnished her support until her
death, made out a prima facie case that he was the owner of the
note in suit, and the court sitting as a jury erred in sustaining
a mandatory instruction for a verdict for the defendant. Tiede-
man on Commer. Paper, chap. 12, sec. 247; Osgood v. Artt, 17
Fed. Rep. 575; Bishop v. Rowe, 71 Maine 263; Willard v.
Moies, 30 Mo. 142, and many Missouri cases. (3) Title of
commercial paper passes on sale without delivery. Benj. on
Sales (20 Ed.), 226. This principle has been held to apply to
commercial paper. Sheldon v. Parker, 10 N. Y. S. C. (3
Hun.) 499; Allison v. Barret, 16 Ia. 278.

*H. L. Eads* and *Chas. A. Loomis* for respondents.

(1) The legal title to personal property upon the death of the owner, passes to his personal representative. No action can be brought to recover the title, possession or proceeds of such property, by any one in a court of law, except the personal representative of the deceased. The legal title thereto passes by operation of law through the personal representative. Smith v. Denny, 37 Mo. 20; Griswold v. Mattix, 21 Mo. App. 282; Becraft v. Lewis, 41 Mo. App. 546; McMillan v. Wacker, 57 Mo. App. 220; Jacobs v. Maloney, 64 Mo. App. 270. (2) The justice of the peace has no equity jurisdiction and no power to adjudicate equitable title nor equitable remedies. R. S. 1899, sec. 3837; Morris v. McMahan, 75 Mo. App. 494; Pitman v. Mining Co., 78 Mo. App. 438. (3) If the title or possession remained in the donor while he lived and was to vest in the donee after his death, it was not an executed and valid gift to which the court will give effect. Tygard v. McComb, 54 Mo. App. 85; Hamilton v. Clark, 25 Mo. App. 428; Spencer v. Vance, 57 Mo. 427. (4) To constitute a gift *causa mortis* it must be made, if made at all, during the last illness and in contemplation and expectation of death, and there must be an actual delivery of the gift to the donee, such as will invest the donee immediately with the legal title, and divest the donor of both the legal title and the possession. McCord v. McCord, 77 Mo. 166; Tygard v. McComb, 54 Mo. App. 85; Griswold v. Mattix, 21 Mo. App. 282.

SMITH, P. J.—This is an action which was brought by plaintiff against defendants before a justice of the peace on a promissory note dated September 7, 1898, and executed to Elizabeth Tye, for one hundred and twenty dollars, due twelve months after date. There does not appear to have been any

formal indorsement or assignment of the note to plaintiff by the payee. The plaintiff introduced in evidence the following contract, to-wit.

"Elizabeth Tye hereby agrees to give to Drew P. Tye, at her death all her personal property of every description for and in consideration of her making her home with Drew P. Tye during her natural lifetime.                "Drew P. Tye,

"Dated Sept. 20, 1899.                "Elizabeth Tye."

The undisputed evidence showed that the payee of the note was the same person who executed the contract just set forth and that she made her home with plaintiff from the date of said contract until her death. It does not appear how or from whom the plaintiff obtained the said note, nor whether or not there is or was at any time any administration on the estate of the decedent. The court gave a peremptory instruction to the jury to find for the defendants and after judgment had been entered in their behalf the plaintiff appealed. The propriety of the action of the court in giving the peremptory instruction for defendants is the question now before us for decision.

The plaintiff insists that the production of the note and contract, supplemented with evidence tending to show that the said Elizabeth Tye resided with him from the date of the execution of the note until her death, established a prima facie case entitling him to a submission. The defendants, on the other hand, insist that the evidence adduced does not disclose any title or interest in the plaintiff to the note authorizing him to sue thereon. The contract between the plaintiff and decedent, introduced in evidence, does not show a gift *inter vivos* nor *causa mortis*. Anderson's Law Dict., 337; Tygard v. McComb, 54 Mo. App. 85, and authorities there cited.

The contract on its face shows that for a valuable consideration the decedent agreed that at her death the plaintiff was to become the owner of all the personal property she then had.

The title of such property was not to pass to the plaintiff until her death. The title to the note in suit was in her at her death. When that event happened, did the title to it pass directly to the plaintiff or to her administrator? The law is very well settled in this State that the title to personal property on the death of the owner passes to the administrator and not to the heirs. Jacobs v. Maloney, 64 Mo. App. 270, and cases there cited.

The rule seems to be elemental that, to constitute personal property assets, the title must have stood in the decedent at the time of his death. He must have then owned such property or been a creditor or claimant, or otherwise the title can not devolve upon his legal representative. *The decedent's title when he died is the criterion of the title which devolves upon his administrator.*

Notes and securities regularly transferred to others by the decedent during his lifetime and indorsed, assigned or delivered with the mutual intention that the title should pass, do not vest in the administrator. Schouler's Executors and Admrs. (2 Ed.), sec. 204; Croswell's Executors and Admrs., 224. It has been held that the power to determine what are assets belonging to an estate is given to the probate courts as one of their incidental powers conferred by necessary implication. Woerner's Am. Law Admn., sec. 154. It therefore follows that, since the note sued on *belonged to the decedent at the time of her death,* it is an asset of her estate the title to which passed to her administrator and was subject to the jurisdiction of the probate court. If it had appeared from the contract that the title to the note, for the consideration therein stated, had been transferred and delivered to plaintiff during the lifetime of the deceased with the mutual intention that the title should then pass to him, the case would have been different. One of the reasons why the law requires the title to personal property, which is in the decedent at the time of his death, to

vest in his administrator, is to afford creditors of the deceased an opportunity to assail the validity, as for fraud, of any assignment under which title to such property may be claimed in cases like the present.

It results from the foregoing considerations that the action of the court in giving the peremptory instruction must be upheld and accordingly the judgment is affirmed. *Ellison, J.,* concurs; *Broaddus, J.,* not sitting.