PAUL HASENBECK, JR., Administrator, etc., Appellant, v. CHAS. HASENBECK, Respondent.

Kansas City Court of Appeals, March 6, 1905.

1. **FRAUDS AND PERJURIES: Contracts to Support: Performance.** An oral agreement by a father that if the son maintain him and his daughter during their natural lives, he should have certain lands and other property, and the son enters into possession and cultivates the land and otherwise performs his contract, the same is taken out of the operation of the Statute of Frauds.

2. **GIFTS: Inter Vivos: Causa Mortis: Evidence: Contracts.** On the evidence this case is held to differ from the case of Tye v. Tye, 88 Mo. App. 330, since the defendant does not claim title in himself to the note in controversy by virtue of the contract, but asks that such title be decreed him and the note surrendered.

3. **EQUITY: Vendor's Lien: Specific Performance: Pleading: Judgment.** The petition was to enforce a vendor's lien; the defense prayed specific performance of a contract set up in the answer. The court found the note pleaded in the petition had been paid and rendered judgment for the defendant. *Held*, while the decree was not strictly authorized by the pleading, it was but a short way of accomplishing the proper result that the title should be vested in the defendant and note surrendered.

Appeal from Osage Circuit Court.—*Hon. Wm. A. Davidson*, Judge.

AFFIRMED.

*Geo. Govewith, Pope & Vaughan* for appellant.

(1) If all that defendant pleads is true, he cannot recover. An agreement to give at one's death leaves the title at the time in the donor; and the title passes to the administrator. Tye v. Tye, 88 Mo. App. 330; Blount v. Hamey, 43 Mo. App. 649. (2) The position of the appellant is supported by following cases. Becraft v. Lewis, 51 Mo. App. 547; McMillan v. Wacker, 57 Mo. App. 220; State ex rel. v. Moore, 18 Mo. App. 406; Richardson v. Dreyfus, 64 Mo. App. 600.

*Silver & Brown* and *Ryors & Vosholl* for respondent.

(1) This case falls within the doctrine announced in the following cases. Carney v. Carney, 95 Mo. 353; Sharkey v. McDermott, 91 Mo. 647; Sutton v. Hayden, 62 Mo. 104; Gupton v. Madison, 47 Mo. 37; Wright v. Tinsley, 30 Mo. 389; Alexander v. Alexander, 150 Mo. 579. (2) The claim of the defendant here is paramount to the heirs or creditors of the intestate. Sharkey v. McDermott, 91 Mo. 648; Carney v. Carney, 95 Mo. 353, p. 358. (3) Parol evidence was obviously competent to show performance by defendant of the agreement on his part. A similar objection was raised in Carney v. Carney, 95 Mo. 358, and same was over-

ruled.    Alexander v. Alexander, 150 Mo. 579.    (4)
The facts set up in defendant's answer and supported
by the evidence tended to show payment of the note in
controversy in board-and personal services rendered the
intestate.    "It is always competent to show by verbal
evidence that a written agreement is totally dis-
charged." Bale v. Ins. Co., 74 Mo. 386.    The facts set
up in the answer and shown by the evidence amounted
to the payment of said note by defendant as already in-
dicated in board and personal services.    It was compe-
tent for defendant to so show payment of the note in
services in board instead of in money, he assuming as
he did in this case the burden of proof in the matter.
Hayden v. Lauffenberger, 157 Mo. 8; Supply Co. v.
Wolfe, 127 Mo. 616.

  · BROADDUS, P. J.—This suit is on a promissory
note dated February 27, 1897, executed by defendant
for the sum of nine hundred dollars with annual inter-
est of six per cent from date; and if the interest is not
paid annually to become as principal and bear the
same rate of interest.    The note was made payable to
Paul Hasenbeck, Sr., since deceased, and plaintiff sues
as his administrator.    The petition alleges that the note
was a part consideration for certain described real
estate, and judgment is asked to enforce the vendor's
lien against said realty.
    Defendant admits the execution of the note and
that plaintiff is the administrator of said deceased.    The
defense interposed is as follows:    That prior to the
execution of said note, viz., on the 15th day of January,
1897, the deceased, the owner of said land, was an old
man and a widower; that he was unable to cultivate said
realty; that two unmarried daughters lived with him,
both of whom were afflicted with a mental disease and
one of them was also afflicted physically; that said de-
ceased was desirous that defendant, who owned and was
living on a farm of his own, would buy his said land and

take care of himself and daughter, Kate, for the remainder of their lives; that it was agreed between defendant and said Paul Hasenbeck, Sr., that the former should purchase all the latter's property, both personal and real, and that he would pay off his outstanding indebtedness; that defendant should execute his note for $900, corresponding to the one sued on, payable to the said Hasenbeck, Sr., that he would move on to said realty to be conveyed to him by said Hasenbeck, Sr., and live on it; and that Hasenbeck, Sr., and said daughter, Kate, should live with defendant during their lives and at their deaths all of said property should become the absolute property of defendant; that in pursuance of said agreement he moved upon his father's farm and paid his debts; and that since said time until their deaths defendant supported his father and daughter, Kate, and fully complied with said agreement.

The defendant sets up a counterclaim for care and maintenance of the other daughter amounting to $1370. And he asks that he be decreed to be absolute owner of all the property of which the father died possessed, and that plaintiff be decreed to give up the note. The latter paper was found among the effects of Hasenbeck, Sr., at the time of his death. The evidence supported the allegations of the answer that the contract mentioned was made between the parties and that defendant complied with its terms. The finding and judgment were for the defendant and plaintiff appealed.

The judgment of the court is well supported by authority. "Where there was an oral agreement by the father that if his two sons would pay the interest and debt on his land and would take care of him and their mother for the rest of their lives they were to have the land, and they entered into possession and cultivated the land and performed the contract on their part, such contract is taken out of the operation of the Statute of Frauds." [Carney v. Carney, 95 Mo. 353.] This principle was also announced in Alexander v. Alexan-

der, 150 Mo. 579; in Sharkey v. McDermott, 91 Mo. 647; and in other cases by the Supreme Court.

But we understand that plaintiff does not dispute the rule, but denies its application to this case. It is contended that the rule adopted in the case of Tye v. Tye, 88 Mo. App. 330, and cases there cited, governs. In that case the holding is: "A contract whereby, for a sufficient consideration, a party agrees to give all his personal property to another at his death, constitutes neither a gift *inter vivos* nor *causa mortis*." The defendant in that case relied upon the following contract entered into between himself and the deceased: "Elizabeth Tye hereby agrees to give to Drew P. Tye, at her death all her personal property of any description for and in consideration of her making her home with Drew P. Tye during her natural lifetime." Under the contract the title to the note was to remain in Elizabeth Tye until her death, the court holding that as the title was in the deceased at her death it passed to the administrator. The defendant here is not claiming that the legal title to the note is in himself, but that the court decree him such title and adjudge that it be surrendered to him.

The plaintiff's suit is in equity to enforce a vendor's lien. The defense set up authorizes an equitable judgment—that is, a specific performance of the contract, viz: that he be decreed to be the owner of the note and that it be surrendered to him. The court found in its decree that the note had been paid and rendered judgment for the defendant. In so far as the judgment was for defendant it was right. Strictly speaking, it was not authorized by the pleadings. It should have been that the title to the note be vested in the defendant and surrendered to him; but as such a decree would in effect have operated as payment, the defendant being the maker, the judgment so rendered was a short way of accomplishing the same result.

Affirmed. All concur.