## JOHN PHELPS, Appellant, v. H. R. McCAW, Respondent.

### Springfield Court of Appeals, May 8, 1922.

1. **FRAUD, STATUTE OF:** Oral Agreement to Pay Owner Difference Between Amount Demanded and that Obtained for Highway Right of Way, Held Within Statute. An oral agreement of an owner of land adjacent to a proposed state highway to pay another owner, across whose lands the State sought a right of way, one-half the difference between what such owner received from the county court and the amount he demanded, was within Revised Statutes 1919, section 2169, and not binding on the promisor in the first instance; the contract was concerning the sale of land, in that promisee agreed to convey the right of way in consideration of promisor's agreement to pay such sum.

2. ———: After Performance of Contract Within Statute by One Party, Other Cannot Plead Statute as Bar. Where an owner of land adjacent to a proposed state highway, in consideration of another owner's oral agreement to pay him one-half the difference between the amount he demanded for a right of way across his land and the amount received from the county court, conveyed such right of way, the promisor could not plead the statute to defeat promisee's recovery of such difference; the performance of a contract within the statute by one party precludes the other from hiding behind it.

Appeal from the Circuit Court of Phelps County.—*Hon. L. B. Woodside*, Judge.

REVERSED AND REMANDED.

*J. A. Watson* for appellant.

(1) The provisions of sec. 2169, R. S. 1919, have no application whatever to the contract pleaded and set out in plaintiff's petition, for the reason the defendant originally agreed to be bound to pay to plaintiff the amount sued for. Where the contract of the party is an original undertaking the statute does not apply. Coguard v. Depot Co., 10 Mo. App. 261; Beardslee v. Morgner, 4 Mo.

App. 139; Price v. Reed, 38 Mo. App. 489; Dubyns v. Rice, 22 Mo. App. 488; Heddin v. Schnellin, 126 Mo. App. 478; Steel v. Order, 125 Mo. App. 680; Rottman v. Pohlman, 28 Mo. App. 399; Nelson v. Brown, 140 Mo. 580. (2) "To uphold a contract it is not necessary that the promissor should receive a consideration; but it is sufficient if the promisee or other beneficiary sustain the least injury or detriment; or part with anything of the least value on the faith of the contract. Houch v. Frisbee, 66 Mo. App. 16; German v. Gilbert, 83 Mo. App. 411.

No brief for respondent.

BRADLEY, J.—This is an appeal from an order sustaining a demurrer to plaintiff's petition. Plaintiff alleged that he and defendant owned valuable tracts of land in Phelps county on and adjacent to the State Highway between Rolla in Phelps county and Houston in Texas county; that in July, 1920, it was undetermined whether the new road would follow what was known as the Houston road or the Licking road. If the new highway followed the Licking road it would miss the lands of both plaintiff and defendant; that the county court was not desirous of following the Licking route, and opened negotiations with plaintiff for a right of way across his lands; that plaintiff demanded $500, and that the county court was not willing to pay that amount; that in this situation defendant and plaintiff entered into an agreement to this effect: That plaintiff would accept from the county court whatever amount he could get, and that defendant would pay to plaintiff one-half of the difference between what plaintiff received from the county court and $500; that plaintiff received $150 from the county court, and conveyed the right of way as per his agreement with defendant, and that defendant refused to pay the $175, the one-half of the difference.

The grounds set up in the demurrer are: (1) that the allegations of the petition are insufficient to and do not state a cause of action; (2) that the petition fails to show any consideration moving to the defendant and

from the plaintiff for the alleged contract; (3) that the petition shows upon its face that the alleged cause of action is within the Statute of Frauds and must be supported and based upon a written contract; and (4) that the petition shows upon its face that the alleged cause of action is a mere gratuity and not enforcible.

It was admitted that the alleged contract was not in writing. Section 2916, Revised Statutes 1919, the section of our Statute of Frauds relied upon by defendant, provides that no action shall be brought upon any contract made for the sale of lands, tenements, hereditaments, or an interest in or concerning them, etc., unless the agreement upon which the action shall be brought, or some memorandum or note thereof shall be in writing and signed, etc. We are of the opinion that the contract between plaintiff and defendant was within the Statute of Frauds. In effect plaintiff, according to the petition, agreed to convey the right of way for the road, and defendant agreed to pay plaintiff $175 if he would make such conveyance. Here in effect is the situation: Defendant said·to plaintiff, ''You convey your land to A. and I will pay you the difference between the amount you are demanding, which is $500, and the amount A. pays you.'' Plaintiff conveyed as he agreed, and then the difference was definitely determined to be $175. The contract certainly concerned the sale of land, and in order to have been binding upon defendant in the first instance such contract should have been in writing. But it is recognized by all the authorities that where a contract within the statute is performed by one party that the other party cannot then hide behind the statute. [Maupin v. Railroad, 171 Mo. 187, 71 S. W. 334; Welch v. Mann, 193 Mo. 304, 92 S. W. 98; Hasenbeck v. Hasenback, 111 Mo. App. 38, 85 S. W. 916; Lambert v. Railway, 212 Mo. 692, 111 S. W. 550.] Defendant cites Allen v. Richards, 83 Mo. 55, and other cases of like import to sustain him. In Allen v. Richards it was alleged that Richards agreed to purchase from the owners a certain farm for plaintiff at the price of $13 per acre, and have

the title thereto conveyed to Allen, and that for this service Allen was to pay Richards $100; that Richards disregarded this agreement and purchased the farm for himself and refused to convey to Allen. For failure to keep the agreement Allen sued for $2000. The alleged contract was oral. In that case the contract was held to be within the statute and nonenforcible because not in writing, and Allen was denied recovery. But in that case Richards breached the contract. It was not performed on either side. If Richards had bought the farm for Allen, and had had it conveyed to Allen, and Allen had then refused to pay the $100 we think the situation would be similar to the situation in the instant case.

We do not deem it necessary to discuss other grounds raised in the demurrer. The judgment should be reversed and the cause remanded, and it is so ordered. *Cox, P. J.*, and *Farrington, J.*, concur.